UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN McGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:06CV990 HEA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant, | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Thomas C. Mummert, III, that the decision of the Commissioner be affirmed and that this case be dismissed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such *de novo* review of those portions of the Report and Recommendation to which plaintiff objects.

Plaintiff objects to Judge Mummert's recommendation that the finding of the

Administrative Law Judge (ALJ) that her onset date of disability was September 21, 2005 be affirmed. Plaintiff claims that there is no medical or other evidence that Plaintiff became disabled on that date, and therefore, the Report and Recommendation does not follow the standard of review in that it does not determine whether the ALJ's finding as to the onset date of disability is supported by any substantial evidence.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). " 'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* WL 2323943, *1 -2 (8th Cir. 2007).

Plaintiff argues that there is no medical or other evidence that Plaintiff became disabled on September 21, 2005. Critical to Plaintiff's claim of disability is the determination by Dr. Lipsitz that Plaintiff suffered from major depression, recurrent, borderline intellectual functioning, diabetes and hypertension, and a Global Assessment Functioning of 45. He further opined that she was in need of ongoing psychiatric treatment that combined medication with psychotherapy. This opinion was given on September 21, 2005. There is no evidence in the record prior to this date upon which this diagnosis could be based. As the Report and Recommendation thoroughly details, no other medical records were presented which would establish Plaintiff's disability. Plaintiff's diabetes and hypertension were controllable by medication. The finding that Plaintiff's onset date is indeed supported by substantial evidence in that Dr. Lipsitz's examination included the performance of a battery of tests, and observation of Plaintiff's demeanor, mood and affect. Dr. Lipsitz's evaluation was intensive, lasting two hours. Significantly, Plaintiff did not present any other medical records in which her psychological condition was noted, discussed or diagnosed.

Contrary to Plaintiff's disagreement, under the regulations, the burden is on the Plaintiff to establish her onset date. Pursuant to 20 C.F.R. § 404.1512, Plaintiff must establish her disability within the time she claims:

**§ 404.1512 Evidence.**

(a) General. In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence.

(b) What we mean by "evidence." Evidence is anything you or anyone else submits to us or that we obtain that relates to your claim. This includes, but is not limited to:

(1) Objective medical evidence, that is, medical signs and laboratory findings as defined in § 404.1528 (b) and (c);

(2) Other evidence from medical sources, such as medical history, opinions, and statements about treatment you have received;

(3) Statements you or others make about your impairment(s), your restrictions, your daily activities, your efforts to work, or any other relevant statements you make to medical sources during the course of examination or treatment, or to us during interviews, on applications, in letters, and in testimony in our administrative proceedings;

(4) Information from other sources, as described in § 404.1513(d);

(5) Decisions by any governmental or nongovernmental agency about whether you are disabled or blind; and

(6) At the administrative law judge and Appeals Council levels, and at the reviewing official, administrative law judge, and Decision Review Board levels in claims adjudicated under the procedures in part 405 of this chapter, findings, other than the ultimate determination about

whether you are disabled, made by State agency medical or psychological consultants and other program physicians or psychologists, and opinions based on their review of the evidence in your case record expressed by medical experts or psychological experts that we consult. See §§ 404.1527(f)(2) and (f)(3).

(c) Your responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is **during the time you say that you are disabled.** You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim. If we ask you, you must provide evidence about:

(1) Your age;

(2) Your education and training;

(3) Your work experience;

(4) Your daily activities both before and after the date you say that you became disabled;

(5) Your efforts to work; and

(6) Any other factors showing how your impairment(s) affects your ability to work. In §§ 404.1560 through 404.1569, we discuss in more detail the evidence we need when we consider vocational factors.

(d) Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that

20 C.F.R. § 404.1512 (emphasis added.)  Plaintiff failed to establish an onset date other than that found by the ALJ based on Dr. Lipsitz's evaluation.  Plaintiff's

objection in this regard is therefore overruled.

Plaintiff also argues that the Report and Recommendation fails to find an onset date for the purposes of Title XVI Supplemental Security Income benefits. Although Plaintiff argues that the Report and Recommendation incorrectly limits the issue to Title II benefits and fails to rule on Plaintiff's SSI claim, Plaintiff's argument is without merit. There is nothing in the record which could establish that a separate onset date would be applicable to Plaintiff's SSI claim. Because Plaintiff's onset date of her disability was found to be September 21, 2005, this date is determinative for SSI benefits as well. Plaintiff fails to present any evidence in the record which would entitle her to a determination of a separate onset date. Indeed, such a finding would be inconsistent and irreconcilable with the onset date of Plaintiff's disability itself. Plaintiff's objection is overruled.

Judge Mummert thoroughly analyzed Plaintiff's claims. The Report and Recommendation details the law and its application to the facts contained in the administrative record. The Report recognizes that although the ALJ did not specifically refer to the *Polaski* factors as such, the ALJ utilized and applied the factors in reaching his conclusion regarding Plaintiff's disability and the onset date thereof. The Report and Recommendation is adopted in its entirety and Plaintiffs objections thereto are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is affirmed and this matter is DISMISSED.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 10th day of September, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE